In re MAVROGENIS.
Patent Appeal No. 2915.

Court of Customs and Patent Appeals.
April 4, 1932.

Arthur R. Woolfolk, of Milwaukee, Wis. (Alvin Juedes and Leonard J. Kleczka, both of Milwaukee, Wis., and A. V. Cushman, John J. Darby, and Carl A. Hellmann, all of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

In this case the appellant seeks to have this court review and reverse the decision of the Commissioner of Patents, who refused to revive appellant's application for improvements in wireless receiving systems, filed October 19, 1923. Petitioner sought to have the Commissioner of Patents revive the application under the authority granted in section 4894 of the Revised Statutes, 35 USCA § 37, the pertinent portion of which is as follows:

"Sec. 4894. All applications for patents shall be completed and prepared for examination within six months after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within six months after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, *unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable.* * * * " (Italics ours.)

On April 10, 1925, the Examiner rejected all the claims on certain references. The applicant failed to respond to said rejection within one year from that date as was then required by law (time changed to six months March 2, 1927, 44 Stat. 1335, § 1 (35 USCA § 37). On December 30, 1929, after ap-

plicant had observed that the Patent Office had allowed three patents to different parties upon subject-matter which he claimed was in his rejected application, he filed amendments which he regarded as responsive to the last rejection by the Examiner and at the same time filed a petition to revive the application. The petition to revive is based upon Mavrogenis' poverty from the date of the rejection by the Examiner to the date of filing the petition and upon the further proposition that the action of the Patent Office in rejecting his application upon the prior art misled the applicant and his financial backers to their injury. It is contended by appellant that, by reason of such circumstances, the delay from April 10, 1926 (one year after the Examiner's last action), to the date of filing the amendment and petition to revive is shown to be "unavoidable" within the meaning of section 4894, supra.

Appellant contends that he has shown that before his application was abandoned he disclosed his invention to the Radio Corporation of America, the Western Electric & Manufacturing Company, and the General Electric Company, and that on account of the companies being financially related, that knowledge to one is knowledge to all, and that the General Electric Company and the Radio Corporation of America are the owners of the patents which were subsequently issued, and to which reference has been made heretofore.

Appellant's petition for revival, of December 30, 1929, was overruled by the Commissioner on February 24, 1930. On March 24, 1930, appellant petitioned the Commissioner for a rehearing, in which petition appellant argued against the conclusion reached by the Commissioner and introduced new affidavits. On May 24, 1930, the petition of appellant was again denied. On June 27, 1930, appellant filed another petition to revive in which additional affidavits were filed. On August 2, 1930, the Commissioner adhered to his former decisions and again denied the petition for revival, from which decision appellant appeals here.

The solicitor for the Patent Office, in this court, raises the following propositions:

First. This court is without jurisdiction to consider this appeal.

Second. The statute gives the Commissioner of Patents sole power to revive an application that has become abandoned.

Third. The action of the Commissioner, refusing to revive the application, was proper.

■ The position of the Patent Office is that this court has no jurisdiction to consider the appeal for the reason that the statute has given us no affirmative jurisdiction of appeals from decisions of the Commissioner of Patents in matters like that at bar, and that the wording of the statute indicates that in such matters the action of the Commissioner, being wholly discretionary with him, is not reviewable by this tribunal, and that even if it were reviewable, the Commissioner, in the case at bar, correctly refused to revive the application, that is to say, the Commissioner did not abuse his discretion.

In view of our conclusion in the case, it will not be necessary for us to determine whether or not appellant has shown that his delay was unavoidable and whether the Commissioner's action was arbitrary and capricious.

By the Act of March 2, 1929 (28 USCA § 309a), the jurisdiction of the Court of Appeals of the District of Columbia in patent matters, except in equity, was transferred to this court. We were given no jurisdiction which the Court of Appeals of the District of Columbia did not have. As amended by the Act of March 2, 1927, sections 4909, 4911, and 4915 of the Revised Statutes (35 USCA §§ 57, 59a, 63), in part read as follows:

"Sec. 4909. Every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the decision of the primary examiner, or of the examiner in charge of interferences in such case, to the board of appeals; having once paid the fee for such appeal.

"Sec. 4911. If any *applicant* is dissatisfied with the decision of the *board of appeals,* he may appeal to the Court of Appeals of the District of Columbia, in which case he waives his right to proceed under section 4915 of the Revised Statutes. If *any party to an interference* is dissatisfied with the decision of the *board of appeals,* he may appeal to the Court of Appeals of the District of Columbia. * * * (Italics ours.)

"Sec. 4915. Whenever *a patent on application is refused by the Commissioner of Patents,* the applicant, unless appeal has been taken from the decision of the board of appeals to the Court of Appeals of the District of Columbia, and such appeal is pend-

ing or has been decided, in which case no action may be brought under this section, may have remedy by bill in equity, if filed within six months after such refusal. ⸱ ⸱ * " (Italics ours.)

It will be noticed that by section 4911 appellant is authorized to appeal to the Court of Appeals of the District of Columbia (now to this court) in cases in which the *applicant* is dissatisfied with the decision of the *Board of Appeals* and in cases in which *any party to an interference* is dissatisfied with the decision of the *Board of Appeals*. No other right of appeal in patent matters is to be found within the express language of the statutes.

Appellant has called our attention to section 2 of the Act of March 2, 1929, 28 USCA § 309a (a), which transferred to us our present patent jurisdiction from the Court of Appeals of the District of Columbia, and which reads:

"Sec. 2. (a) The jurisdiction now vested in the Court of Appeals of the District of Columbia in respect of appeals from the *Patent Office* in patent and trade-mark cases is vested in the United States Court of Customs and Patent Appeals." (Italics ours.) —and argues that by such provision we have jurisdiction in appeals from decisions of the *patent office* which include both decisions of the Board of Appeals and decisions of the Commissioner. He calls attention to the legislative history of the Act of March 2, 1927, which act simplified appeals in the Patent Office and provided for an appeal from the Board of Appeals to the Court of Appeals of the District of Columbia, and further provided for an election between an appeal to the Court of Appeals of the District of Columbia and the right to file a bill in equity.

In section 4915, supra, which provides for a remedy by bill in equity, provision is made for such remedy against the *Commissioner of Patents* whenever a patent on application is refused. In substance, the appellant contends that, since Congress provided for an election between remedies, it contemplated the same scope of jurisdiction in both courts, and that if this were true, this court could consider an appeal from a decision of the Commissioner, if such decision amounted to a final refusal to grant a patent.

We are not impressed with these contentions. Congress, by the Act of March 2, 1927, sought to reduce the amount of patent litigation in and out of the Patent Office,

and it spoke in definite language when it provided for appeals to the Court of Appeals of the District of Columbia from decisions of the Board of Appeals in the two instances referred to. We are not at liberty to read into that section a provision whereby appeals may be brought here from decisions of the Commissioner of Patents.

Appellant relies, to a great extent, upon the decision of the Court of Appeals of the District of Columbia in Re Mattullath, 38 App. D. C. 497, 508. The facts in that case were very similar to those in the case at bar. The applicant Mattullath died during the pendency of his application. About seven years after the application had become abandoned and after the Wright Brothers and others had been granted patents upon operable flying machines, to which Mattullath's application related, a petition to revive her deceased husband's application was filed by his widow as administratrix. The delay was claimed to be unavoidable by reason of her poverty. The Commissioner refused to revive the application on the theory that:

"To hold otherwise would be to encourage those who had slept upon their rights while others struggled on to success, to now enter the field and wrest from them the fruits of their labor."

Upon appeal to the Court of Appeals of the District of Columbia, in an opinion by Mr. Justice Shepard, it was held that "the right to appeal from a final decision of the Commissioner of Patents is determinable by its substance and effect, rather than its form," citing Moore v. Heany, 34 App. D. C. 31; In re Selden, 36 App. D. C. 428, and that the petitioner had shown that the delay was unavoidable, that she had not slept upon her rights, that she was entitled to have her application revived, and the decision of the Commissioner was reversed.

While not important to our consideration of the issue at bar, it is interesting to note that in Re Mattullath, 46 App. D. C. 143, 145, the Court of Appeals of the District of Columbia affirmed the action of the Commissioner of Patents in the disallowance of applicant's ten claims for a patent chiefly upon the ground that she was "attempting to read into the application the wonderful development that has taken place in this art since the filing of this application." It is stated in the brief of the solicitor that "Mr. Justice Gould dismissed the bill in equity and the attorneys neglected to note an appeal within the required time."

In re Carvalho, 47 App. D. C. 584, 586;

364

involved an appeal from the decision of the Commissioner of Patents, refusing to revive a patent application which, under the statute, had been abandoned. At that time certain decisions of the Commissioner were appealable to the Court of Appeals of the District of Columbia (decisions on questions of priority, etc.). 27 Stat. 436, § 9 (35 USCA § 59). The court held that it had no jurisdiction to review the decision of the Commissioner refusing to revive an abandoned application, and said:

"In an interference the power of the Commissioner is limited by sec. 4904, Revised Statutes [35 USCA § 52], to the question of priority of invention. Therefore, our jurisdiction embraces but two classes of cases: First, where an application for a patent or the reissue of a patent has been twice rejected by the Primary Examiner, then by the Board of Examiners in Chief, and afterward by the Commissioner; and, second, where the Commissioner in an interference has awarded priority to one of the parties. It was so held by this court after a careful examination of the matter in Cosper v. Gold, 34 App. D. C. 194, 197, 198, and Re Fullagar, 32 App. D. C. 222. The appeal before us falls within neither class. True, the action of the Commissioner may in effect result in Carvalho's failure to get a patent; for it is possible that if he filed a new application, which he would have a right to do, he would encounter the bar of public use. This, however, is not a necessary result of the rule we announce, because in most cases a new application would save the applicant's rights. If it would not in any case, the result would be due to the applicant's dilatoriness, not to the law. However that may be, Carvalho's application for a patent was not twice rejected by the Primary Examiner, nor was it ever passed upon by the Board of Examiners in Chief. Its rejection, therefore, is not one of those contemplated by sec. 4909.

"For these reasons we are without jurisdiction to review the decision of the Commissioner. In reaching this conclusion we do not forget that this court announced a different doctrine in Selden's Case, 36 App. D. C. 428; Moore v. Heany, 34 App. D. C. 31, 39, and in Mattullath's Case, 38 App. D. C. 497. This doctrine, however, is not only inconsistent with the rulings in the Cosper and Fullagar Cases, but also with the quoted statutes, and is therefore disapproved. The appeal is dismissed."

It is argued by appellant that the decision in the Carvalho Case is based upon the Moore and Selden Cases, and that those cases are not authority for the position taken, and that therefore the Mattullath Case remains the law. In view of the express holding by the court as above quoted, which disapproved the holding in the Mattullath Case, we cannot agree with the contention of appellant. Moreover, subsequently, the same court in In re Seiss, 48 App. D. C. 581, dismissed an appeal from the decision of the Commissioner of Patents holding the appellant's application abandoned, and such dismissal was upon the express authority of In re Carvalho, supra.

Revival of an application was considered by the Court of Appeals of the District of Columbia in Fekete v. Robertson, 57 App. D. C. 73, 17 F.(2d) 335, and in Martin v. Robertson, 59 App. D. C. 270, 39 F.(2d) 520. In Re Selden, 36 App. D. C. 428, 431, the right to revive an application was involved. Under a statute providing for an appeal to the Court of Appeals of the District of Columbia, by an applicant who was "dissatisfied with the decision of the Commissioner," it was held that appeal to said court might be taken on the Commissioner's decision refusing to revive the application. The Commissioner rejected the application on the theory that there had been no responsive amendment filed within the limited time. The court held that the amendment was responsive. This case was decided prior to the decision in the Mattullath Case.

As far as we have been able to ascertain, the decisions in the six cases above referred to are the only ones which involve the question of jurisdiction of an appellate court to review the action of the Commissioner under section 4894, which provision became a part of our patent law in the year 1870. No support for appellant's position is found in these cases when they are considered together.

We think the right to revive an abandoned application under section 4894, supra, is a matter that is left to the discretion of the Commissioner of Patents, and that his action, even though arbitrary and capricious, is not reviewable by this court. Not only does the quoted language used and the context of all the patent laws suggest that this was the legislative intent, but the failure of the Congress to expressly provide for appeals from the decision of the Commissioner of Patents to this court indicates that this question and others of equal importance were left to the sound discretion of the commissioner.

It is a matter of common knowledge that many thousands of applications become abandoned in the Patent Office. Congress fixed a period after which such applications should be regarded in law as abandoned. It recognized that, in some instances, this provision might, on account of unavoidable circumstances responsible for the delay, bring about a great hardship on an applicant, so it wisely provided that in such cases, if the Commissioner was satisfied that the delay was unavoidable, he might revive the application. Appellant presents a very appealing case, but to uphold his contentions would be to upset settled procedure in the Patent Office, promote lack of diligence, and thus greatly handicap inventors. Obviously, Congress contemplated that the Commissioner, in exercising his discretion, would only permit revival where the excusing of such delay would be calculated to promote results reasonably in harmony with the purpose of Congress in providing the whole patent granting system.

We hold that there is no appeal to this court from the decision of the Commissioner on the question involved, and the said appeal is dismissed.

Dismissed.